UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
In re:

Estate of Stella Baer,                                           Case No.: 23-73607-ast
                                                                 Chapter 7

                         Debtor.
-------------------------------------X

# MEMORANDUM OPINION DISMISSING A PROBATE ESTATE'S CHAPTER 7 BANKRUPTCY CASE

### *Issues Before the Court and Summary of Ruling*

Debtor is a probate estate. Now pending is this Court's order to show cause directing Leslie D. Baer (the "Authorized Representative"), the individual that filed this Chapter 7 case on behalf of the Estate of Stella Baer (the "Debtor") to show cause why the Court should not dismiss this case based on Debtor being ineligible to be a debtor under Chapter 7. For the reasons stated herein, this Court will dismiss Debtor's Chapter 7 bankruptcy case as a probate estate is ineligible to be a Chapter 7 debtor.

### *Jurisdiction*

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O), 1334(b), and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order dated December 5, 2012.

### *Factual and Procedural History*

On September 28, 2023, the Authorized Representative filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of the Debtor. [Dkt. 1]

On November 29, 2023, this Court issued an order *sua sponte* directing the Authorized Representative and the United States Trustee ("UST") to a file a response within ten (10) days of its entry showing cause why the Court should not enter an order dismissing the Debtor's Chapter 7 case for being ineligible to be a debtor (the "Order to Show Cause"). [Dkt. 10] Neither the Authorized Representative nor the UST filed a response.

### *Discussion*

#### A. *Sections 109(b) and 101(41) of the Bankruptcy Code*

Section 109(b) of the Bankruptcy Code provides that only "a person" may be a debtor under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 109(b). Under section 101(41) of the Bankruptcy Code, the term "person" is defined to include "individual[s], partnership[s], and

corporation[s]." *Id.* § 101(41).[1] Therefore, to be eligible for Chapter 7 relief a debtor generally must be an individual, a partnership, a corporation, or a governmental unit acting under one of the statutorily prescribed exceptions. Thus, the issue at hand is whether the Debtor, a probate estate, falls into one of these categories or into the undefined "includes" category.

### B. *Whether the Debtor is Eligible for Chapter 7 Relief*

Only one court in the Second Circuit has addressed the issue of whether a probate estate is eligible to commence a Chapter 7 case. In *Matter of 299 Jack-Hemp Associates*, the United States Bankruptcy Court for the Southern District of New York found that a probate estate did not fall under the definition of "person" as defined in then-section 101(30), which contained substantially equivalent language to the current section 101(41). *See* 20 B.R. 412, 413 (Bankr. S.D.N.Y. 1982). Judge Babitt emphasized that while "the word 'includes' in the section defining person is not limiting . . . Congress left no doubt that 'person' was not to include an estate." *Id.* (citing Sen. Rep. 95-989, 95th Cong., 2d Sess. 25 (1978); House Rep. 95-595, 95th Cong., 1st Sess. 313 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787; *Matter of Hiller*, 240 F.Supp. 504 (N.D. Cal. 1965); *In re Brown's Estate*, 16 B.R. 128 (Bankr. D.D.C. 1981)). This exclusion, Judge Babitt further explained, was done with the clear intent "to leave the administration of decedent's estates where they belong in specialized probate or surrogate courts able to interface the interests of heirs or legatees with other interests." *Matter of 299 Jack-Hemp Associates*, 20 B.R. at 413.

The United States Court of Appeals for the Eleventh Circuit also rejected the status of a probate estate as a "person" under then-section 101(35), another precursor to the present section 101(41), which also contained substantially equivalent language. In *In re Goerg*. 844 F.2d 1562 (11th Cir. 1988), the Eleventh Circuit reasoned that because an "estate" was specifically included in the definition of "entity" in section 101(14), now codified as section 101(15), Congress did not intend to have probate estates be considered "persons" under the Bankruptcy Code. *See* 844 F.2d at 1566. Accordingly, the Eleventh Circuit found that insolvent decedent's estates are not "persons" under the Bankruptcy Code.

Bankruptcy courts appear to be unanimous that a probate estate is not a "person" under section 101(41). *See In re Seegers*, No. 09-00641, 2009 WL 2883019, at *1 (Bankr. D.D.C. July 30, 2009); *In re Estate of Roberts*, No. 05-26653 ESD, 2005 WL 3108224, at *1 (Bankr. D. Md. Aug. 15, 2005).

---

[1] While not relevant here, the term "person" also includes

a governmental unit that (A) acquires an asset from a person (i) as a result of a loan guarantee agreement or (ii) as receiver or liquidating agent of a person; (B) is a guarantor of a pension benefit payable by or on behalf of the debtor or an affiliate of the debtor; or (C) is the legal or beneficial owner of an asset of (i) an employee pension benefit plan that is a governmental plan, as defined in section 414(d) or (ii) an eligible deferred compensation plan, as defined in section 457(b) of the Internal Revenue Code of 1986.

      This Court agrees with the relevant precedent that a probate estate is not a person under the Bankruptcy Code. Congress's exclusion of the word estate from the definition of "person" in section 101(41) and the specific inclusion of the word estate in the definition of "entity" in section 101(15) is highly persuasive that Congress did not include and did not intend to include probate estates as "persons." As the Eleventh Circuit noted, "[i]f Congress had intended 'person' to include 'estate,' there would have been no reason to list 'estate' separately in the definition of 'entity'" *In re Goerg*, 844 F.2d at 1566. Moreover, state probate and surrogate courts have developed "a comprehensive and specialized machinery for the administration of such estates." *Id.* (citing *In re Jarrett*, 19 B.R. 413, 414 (Bankr. M.D.N.C. 1982); *Matter of 299 Jack-Hemp Associates*, 20 B.R. at 413). These state courts have the requisite knowledge, skill, and experience to handle the probate of a decedent's estate and are the more appropriate forum for such an administration.

      Therefore, because a probate estate is not a "person" as defined in section 101(41) of the Bankruptcy Code, it is ineligible to be a debtor under Chapter 7 of the Bankruptcy Code.

## *Conclusion*

Accordingly, for the reasons set forth herein, it is hereby

      **ORDERED**, that this Chapter 7 bankruptcy case is dismissed.



Dated: January 19, 2024  
      Central Islip, New York

_____  
Alan S. Trust  
Chief United States Bankruptcy Judge